UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAVLO VINER,

                 Petitioner,

         - against -

RAUL MALDONADO JR., *in his official
capacity as Warden, Metropolitan Detention
Center, Brooklyn, et al.*,

                Respondents.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-4696 (PKC)

PAMELA K. CHEN, United States District Judge:

Before the Court is Petitioner Pavlo Viner's Petition for a writ of habeas corpus challenging his arrest and detention by Immigration and Customs Enforcement ("ICE"). (Pet., Dkt. 1.) For the reasons set forth below, the Court grants the writ and orders his immediate release.

**BACKGROUND**

As of July 23, 2026, Petitioner Pavlo Viner, a Ukrainian national, was residing in the United States after overstaying his visa that expired in 2016. (*See* Resps.' Resp. O.S.C. ("O.S.C. Resp."), Dkt. 7, at 1.)[1] On July 23, 2026, at 6:10 p.m., after a referral from the Transportation Security Administration, ICE approached Petitioner while he was waiting to board a flight at John F. Kennedy International Airport. (*Id.*) After Petitioner provided his name and passport, "ICE Officers conducted database queries and positively identified Petitioner through a series of pedigree questions." (*Id.* at 1–2.) At 6:20 p.m., "ICE Officers arrested Petitioner without incident pursuant to a Form I-200, Warrant for Arrest of Alien." (*Id.* (citation omitted).) While processing

---

[1] Since Petitioner is entitled to release even when accepting all of Respondents' factual contentions as true, for the purposes of this Memorandum and Order the Court relies exclusively on Respondents' recitation of the facts.

Petitioner at the ICE facility in Manhattan, ICE conducted an initial custody determination pursuant to 8 U.S.C. § 1226(a) and "determined that Petitioner would remain detained on flight risk grounds." (*Id.*) Later that evening, at 11:29 p.m., a Form I-862 Notice to Appear ("NTA") was issued and served on Petitioner. (*Id.*) As of today, August 14, 2026, Petitioner remains detained by ICE. (*Id.*)

On August 2, 2026, Petitioner filed a Petition with the Court for a writ of habeas corpus challenging the legality of his arrest and detention, (*see* Pet., Dkt. 1), as well as a motion for a temporary restraining order, (*see* Mot. TRO, Dkt. 2). The Court subsequently issued an Order to Show Cause directing Respondents to show cause why the writ should not be issued and Petitioner immediately ordered released. (*See* O.S.C., Dkt. 4.) The Court ordered Respondents to address, among other things, whether the outcome of this case was would be controlled by the reasoning of this Court's decision in *Okeke v. Maldonado*, No. 26-CV-2714 (PKC), 2026 WL 2056904 (E.D.N.Y. July 16, 2026), or the decisions of other courts in this District in *Arango v. Genalo*, No. 25-CV-6720 (RER), 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025), and *Yeleshev v. Larocco*, No. 26-CV-2294 (SJB), 2026 WL 1353806 (E.D.N.Y. May 14, 2026).

On August 13, 2026, Respondents filed their response to the Order to Show Cause. (*See* O.S.C. Resp., Dkt. 7.) In their response, Respondents acknowledge that "this case is not materially distinguishable from the decisions in *Okeke*, *Arango*, and *Yeleshev* where the [courts] took issue with the Form I-200 Warrant used to effectuate an arrest before an NTA was issued." (*Id.* at 3.) Specifically, Respondents acknowledged that "Petitioner was arrested pursuant to a Form I-200, Warrant of Arrest of Alien, but [that they] issued an NTA a few hours after his arrest," and so "if this Court were to adhere to *Okeke*, *Arango*, and *Yeleshev*, it will likely lead the Court to grant this Petition."

Respondents are correct; for the same reasons stated in *Okeke*, *Arango*, and *Yeleshev*, Petitioner was unlawfully arrested pursuant to an I-200 warrant that was invalid as the NTA was not yet issued at the time of Petitioner's arrest. He is accordingly entitled to release.

**DISCUSSION**

The warrant Respondents rely on here to justify the Section 1226(a) arrest and detention is a Form I-200 Warrant, the procedures for which are governed by Department of Homeland Security ("DHS") regulations. Of relevance here, implementing regulation 8 C.F.R. § 1236.1(b)(1) limits the time in which a Form I-200 Warrant may be executed: "*At the time of issuance of the [NTA]*, or at any time thereafter and up to the time removal proceedings are completed, the [named individual] may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1) (emphasis added). Thus, "[t]he NTA begins the removal process, and at that time or after its issuance, the [g]overnment can then effectuate [an individual's] arrest, and, if necessary, detention, until removal proceedings are completed." *Gopie v. Lyons*, No. 25-CV-5229 (SJB), 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (citing *Niz-Chavez v. Garland*, 593 U.S. 155, 157–58 (2021) ("The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009–546, requires the government to serve 'a notice to appear' on individuals it wishes to remove from this country.")). In other words, a "[Form] I-200 [Warrant] cannot be used to effectuate an arrest *before* an NTA has been issued." *Yeleshev*, 2026 WL 1353806, at *2 (collecting cases). And if a Form I-200 Warrant is without effect, it cannot serve as the predicate "warrant issued by the Attorney General" necessary to justify arrest and detention under Section 1226(a).

There is no dispute here that Respondents failed to issue an NTA before arresting Petitioner pursuant to a Form I-200 Warrant. Respondents concede that they arrested Petitioner pursuant to a Form I-200 Warrant at 6:20 p.m. on July 23, 2026, (*see* O.S.C. Resp., Dkt. 7, at 2), and that they

3

issued and served Petitioner with the NTA more than five hours *later*, at approximately 11:29 p.m. on July 23, 2026, (*Id.*). But "[t]here is no 'leeway'[;] [i]f ICE wants to use a warrant, it must have a valid NTA in place." *Parada Cruz v. Mullin*, --- F. Supp. 3d ----, No. 26-CV-1110 (SJB), 2026 WL 1027441, at *2 (E.D.N.Y. Apr. 16, 2026) (quoting *Gopie*, 2025 WL 3167130, at *1 n.3); *see also Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 333 (E.D.N.Y. 2026) (recognizing in different circumstances that "the authority to issue administrative arrest warrants," including a Form I-200 Warrant, "emanates from a pending removal proceeding—which is initiated by the issuance of an NTA"). Here, Respondents did not have a valid NTA in place at the time of Petitioner's arrest on July 23, 2026. Accordingly, "when ICE arrested [Petitioner,] they had no authority to do so," which is a "dispositive and independent basis to grant the writ." *Gopie*, 2025 WL 3167130, at *1 (collecting cases); *see also Yeleshev*, 2026 WL 1353806, at *2 (concluding that, where an NTA was issued approximately 30–90 minutes after petitioner's arrest, "[a]lthough the time frame between the issuance of the arrest warrant and the issuance of the NTA here was relatively short, the law nonetheless does not permit what occurred"); *Okeke*, 2026 WL 2056904, at *4 (holding that arrest and detention was unlawful and ordering release where petitioner was arrested pursuant to an I-200 warrant nearly eleven hours before the NTA was issued).

### CONCLUSION

For the foregoing reasons, Pavlo Viner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., Dkt. 1), is GRANTED. Having granted the Petition, the Court finds Petitioner's motion for a TRO, (*see* Mot. TRO, Dkt. 2), to be moot.

Respondents are hereby ORDERED to release Pavlo Viner immediately, and no later than August 14, 2026, at 6:00 p.m. ET. Respondents shall release Petitioner subject to the conditions at which he was at liberty before he was detained, without any additional constraints on his liberty, including, but not limited to, electronic or GPS monitoring. Respondents must release Petitioner

with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money.

Respondents shall confirm compliance with these directives in a filing on the docket by 12:00 p.m. ET on August 17, 2026.

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments) without prior notice to and authorization from the Court. Respondents may not re-detain Petitioner without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226.

Should Petitioner seek an award of reasonable fees and costs pursuant to the Equal Access to Justice Act, he may do so by filing a letter application on the docket within 30 days of a final judgment in this action, which, if Respondents do not appeal, is November 12, 2026. 28 U.S.C. § 2412(d)(1)(B).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 14, 2026
Brooklyn, New York

5